## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 12-01665 EAG |
| JUAN RAMIREZ RIVERA and ANGELICA RAMOS PONCE, | CHAPTER 11 |
| DEBTORS. | FILED & ENTERED ON 04/15/2013 |

## OPINION AND ORDER

Debtors Juan Ramirez Rivera and Angelica Ramos Ponce filed a petition for relief under chapter 11 of the Bankruptcy Code on March 5, 2013, to save their home from foreclosure by Firstbank Puerto Rico.  [Docket No. 1.] Mr. Ramirez is an attorney in private practice specializing in expropriation cases; Ms. Ramos, a housewife. [Docket No. 52.] This proceeding is before the court on the confirmation of the debtors' amended plan of reorganization as supplemented, Firstbank's amended objection to confirmation of the amended plan, the debtors' brief regarding Firstbank's objection to confirmation, and Firstbank's reply to the debtors' brief.[1]  [Docket Nos. 69, 87, 70, 91 & 97, respectively.]  For the reasons stated below, the court denies confirmation of the amended plan of reorganization as supplemented.

On May 27, 2004, the debtors placed on their principal residence a $800,000 mortgage to be paid in monthly installments of principal and interest over 15 years with interest at 5.95% per annum.  [Claims Register No. 5-1.] Monthly payments, under the terms of the

---

[1]/Firstbank's amended objection to the confirmation of the amended plan supplements its objection, at docket number 49, to the confirmation of the debtors' original plan of reorganization, at docket number 42.

mortgage, are in the amount of $6,729.26. [Id.] The debtors were not able to keep up with their

mortgage payments, and on September 17, 2010, Firstbank obtained a money and foreclosure

judgment against them. [Id.]

Firstbank initially filed a proof claim in the amount of $1,101,862.98, including pre-

petition arrears of $451,161.88, secured by the mortgage of May 27, 2004.  [Claims Register

No. 5-1.] The amended plan as supplemented places Firstbank's claim in class 2a and proposes

the following treatment:

> The debtor shall capitalize all unpaid arrears.  The remaining allowed obliga-
> tion shall receive repayment in monthly installments at the Prime Rate plus 1%
> over the course of a 30 year amortization period, with a lump sum in the 60th
> month from effective date, or as otherwise agreed between the parties.  Should
> the Debtor receive the amount owed to him by the Department of
> Transportation, the Debtor shall use the proceeds to accelerate payments to the
> secured creditors.

[Docket No. 87.]  The debtors' payment schedule for the amended plan shows 60 monthly

payments in the amount of $5,421 to Firstbank, which is based on a capitalized principal

amount of $1,101,863 amortized over thirty years at an interest rate of 4.25% per annum.

[Docket No. 69.]

After the debtors amended and supplemented their plan, Firstbank amended its proof

of claim to a reduced, secured amount of $917,531.90. [Claims Register No. 5-3.] That reduced

amount includes the same pre-petition arrears.  [Id.]  The debtors, in their brief on

section 1123(b)(5) of the Code, propose increasing the interest rate to the mortgage rate

of 5.95% per annum.  That would increase their monthly payment to Firstbank to $5,472 on

a capitalized-principal balance of $917,532.

2

Firstbank is the only creditor objecting to confirmation. It argues that the amended plan as supplemented runs afoul of section 1123(b)(5) of the Bankruptcy Code, which reads as follows:

> (b) Subject to subsection (a) of this section, a plan may–
>
> . . . .
>
> (5) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims . . . .

11 U.S.C. § 1123(b)(5). Firstbank also filed a ballot rejecting the amended plan. [Docket No. 78.]

There is no controversy here as to the fact that Firstbank's claim is secured only by a mortgage on the debtors' principal residence. And it is simple math that the monthly payment of $5,472 which the debtors are now proposing to pay Firstbank on its secured claim is significantly less than the $6,729.26 per month in principal and interest it is entitled to under the terms of the mortgage. As such, the debtors' amended plan as supplemented violates section 1123(b)(5) of the Bankruptcy Code.

Nor would the debtors amended plan pass muster even under the interpretation of section 1123(b)(5) adopted by a bankruptcy court in In re Lennington, 288 B.R. 802 (Bankr. C.D. Ill. 2003). The Lennington court held "that individual Chapter 11 debtors are permitted to cure a prepetition residential mortgage arrearage in installment payments, through the Chapter 11 plan, while remaining current on their postpetition payments." In re Lennington, 288 B.R. at 806. It reached that holding by importing chapter 13 provisions into chapter 11. Again, here the monthly payments proposed under the debtors' amended plan as

supplemented neither keep the debtors current with their postpetition payments to Firstbank under the mortgage nor cure prepetition mortgage arrearage in installment payments.

The debtors' amended plan of reorganization [Docket No. 69] as supplemented [at Docket No. 87] impermissibly modifies the rights of Firstbank's secured claim [Claims Register No. 5-3]. 11 U.S.C. § 1123(b)(5). Thus, its confirmation is DENIED.

In Ponce, Puerto Rico, this 15th day of April, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge